IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN GEMBAROWSKI, an individual, Plaintiff, -vs- GREEN IVY PUBLISHERS, INC., an Illinois corporation; ROBERT WAYNE GRAY a/k/a ROBERT W. GRAY, SR., an individual; and DOE I through DOE III, Defendants. | JURY DEMANDED<br><br>NO.<br><br>DIST. Judge:<br><br>MAG. Judge: |

## COMPLAINT

Plaintiff, RYAN GEMBAROWSKI, complains against the Defendants, GREEN IVY PUBLISHERS, INC., and, ROBERT WAYNE GRAY a/k/a ROBERT W. GRAY, SR., including each of them jointly and severally with Doe Defendants, and says:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment, breach of contract, deceptive business practices, unfair competition, violations of the Digital Millennium Copyright Act ("DMCA"), and related claims by Plaintiff, Ryan Gembarowski ("Gembarowski") against Defendant Green Ivy Publishers, Inc. ("Green Ivy"), Robert Wayne Gray a/k/a Robert W. Gray, Sr. ("Gray"), and Does I through III, pertaining to Gembarowski's literary work as published in a Book.

### PARTIES

2. Gembarowski is an individual, residing in Saginaw, Michigan. Gembarowski has authored a literary work entitled "*Namaste Stoked: A High-five Philosophy*," the book at issue here (the "Book" or "*Namaste Stoked*"). (A copy of the Book's cover is attached as Exh. "A".)

3. Gembarowski owns all right, title and interest in and to the copyright rights in and to the Book (a copy of the Book's frontispiece bearing the copyright notice as it was published by Green Ivy, is attached as Exh. "B").

1

4. Green Ivy Publishers, Inc., on information and belief, was an enterprise engaged in the business of book publishing for authors who desire to self-publish, market and exploit their literary works in consultation with a publisher. Green Ivy distributes its authors' works in the Northern District of Illinois, throughout the United States, and globally, as described below.

5. Plaintiff is informed and thereon believes that although Green Ivy appears to be defunct, it was incorporated in the state of Illinois, and maintained or maintains its principal place of business in Oakbrook Terrace, Illinois, in this District.

6. At all times relevant, on information and belief, Gray was the conscious, active and dominant force behind Green Ivy, causing and which resulted in the injury, harm and damages to Plaintiff, in this District. On information and belief, Gray, after causing the breaches and tortious acts herein alleged, left the District and now is domiciled in or near Sarasota, Florida.

## JURISDICTION

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under an act of Congress relating to copyrights or trademarks).

8. This Court also has original jurisdiction, as this is an action brought, in part, under the Lanham Act, 15 U.S.C. § 1125 (Sec. 43(a)), jurisdiction being conferred by 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338(a), in that certain of these claims arise under the federal trademark laws, and include a related claim of unfair competition under 28 U.S.C. § 1338(b).

9. This Court also has jurisdiction under 28 U.S.C. § 2201 ("the Declaratory Judgment Act") which empowers this Court to render a declaratory judgment in the controversy.

10. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The value of the matter in controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the parties is completely diverse. Plaintiff is a citizen of Michigan. Defendant Green Ivy is a citizen of Illinois. On information and belief, Gray is a citizen of Florida.

11. This Court otherwise has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

12. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Defendant Green Ivy was chartered and conducted business within the state of Illinois at the time of the wrongful conduct alleged; Defendants Green Ivy and Gray have violated and are threatening to further violate Gembarowski's rights to integrity of his copyright management information, and to otherwise threaten to infringe Plaintiff's copyright rights, within the state of Illinois; and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in the state of Illinois.

## FACTS COMMON TO ALL COUNTS

13. Gembarowski is a volunteer firefighter, architectural sheetmetal professional, and avid skydiver who has documented, in literary form, his personal thoughts, philosophical insights and exploits encountered while hitchhiking across America.

14. The Book contains substantial material wholly original with Gembarowski, and constitutes copyrightable subject matter under the copyright laws of the United States.

15. Green Ivy, at all times relevant, held itself out as a firm dedicated to assisting authors to self-publish and market their literary works as books.

16. On information and belief, Green Ivy was incorporated in Illinois on August 25, 2014, but by January 1, 2016, the entity had been dissolved involuntarily. As of the filing of this action, Green Ivy has not been reinstated.

17. At or about May 20, 2016, with promises of thousands of copies to be distributed and sold, and bonus payments of royalties based on 100% of such sales, Green Ivy enticed Gembarowski to engage the services of Green Ivy to publish and market his Book.

18. The so-called "hybrid" publishing agreement put forth by Green Ivy purported to outline certain expectations of the parties as to their respective obligations. (A copy of the agreement is attached hereto as Exh. "C".) For example, the Book's copyright was to be registered with the U.S. Copyright Office, as one of Green Ivy's express responsibilities.

19. Additionally, Green Ivy was to faithfully track, report and pay royalties to

3

Gembarowski within reasonable time frames, and in reasonable detail, following the Book's publication.

20. In consideration for Green Ivy's many promises, including the expectation of widespread distribution, Gembarowski signed away substantial rights to his Book and his "next two additional books."

21. Gembarowski paid $3,495 to Green Ivy to publish and market his Book. The fee was paid in advance, in full. At or about August 2, 2016, Green Ivy published Gembarowski's Book.

22. In connection with the Book's publication, Gembarowski attended various book signing events at stores including Barnes & Noble and others, where Gembarowski personally observed copies of the Book being sold out.

23. The Book is available in quality softcover through bookstores and online, via electronic download to Kindle, and otherwise via Amazon.com, and booksellers including Ingram, and Coffee House.

24. Online reviews have been favorable, and from the date of its first publication through the filing of this action, Gembarowski has received regular plaudits and inquiries via social media and otherwise, celebrating the Book's insightfulness.

25. Beginning approximately Fall 2016, Gembarowski attempted to communicate with Green Ivy regarding the Book's sales. Such efforts to communicate were not reciprocated.

26. At or about late October 2016, Gembarowski also made an in-person visit to Green Ivy's purported Oakbrook Terrace headquarters, only to be told such "offices" were basically a mail-drop, and that no Green Ivy personnel were present there.

27. At or about late 2016 and during early 2017, Gembarowski again asked Green Ivy to disclose its sales figures and revenues for the Book. Green Ivy did not provide any of the requested information.

28. Thereafter, Gembarowski retained counsel to contact Green Ivy and attempt to resolve the matter without resorting to litigation. Plaintiff's counsel reached out to Green Ivy.

29. At or about February 2017, Plaintiff's counsel received an email from Gray who,

although requiring such counsel to travel to review any records only at Green Ivy's purported Oakbrook Terrace, Illinois "offices," otherwise failed and refused to provide any detail whatsoever, even in summary form, with regard to sales and revenues derived from the Book.

30. To date, Green Ivy has never, even after repeated requests by Plaintiff and his counsel, furnished any information pertaining to sales and revenues generated by the Book. On information and belief, Green Ivy never applied for copyright registration for the Book.

31. Green Ivy has irretrievably breached, violated and broken its deal. Gembarowski has been informed by authors' representatives and other publishing industry personnel, that the Green Ivy publishing relationship constitutes a cloud and encumbrance on Gembarowski's title to the copyright in the Book, preventing Plaintiff from moving on to another publisher or agent.

32. In addition, Gembarowski is informed and believes the so-called "hybrid publishing" arrangement has created the concern, among potential literary agents and publishers who might otherwise help Gembarowski to properly market and exploit his creation, that such encumbrance would prevent the Book from being freely promoted and marketed due to the threat of litigation.

33. The terms of the arrangement with Green Ivy not only constitute an encumbrance on Gembarowski's ability to market the Book, but otherwise purport to lock in rights to Gembarowski's "next two ... books," effectively blocking Gembarowski's future literary efforts.

34. When Green Ivy copies and distributes Gembarowski's Book, Green Ivy knows it has irretrievably broken its promises and obligations to Gembarowski, and that its uses of the Book are no longer pursuant to any applicable license or permission.

35. The means by which Gembarowski has allowed for the Book to be conveyed, displayed and distributed, were at all times connected to identifying information which, under 28 U.S.C. § 1202(c), is deemed to be and constitutes copyright management information ("CMI").

36. Gembarowski's CMI includes, but is not limited to, (i) the title of the Book, (ii) the name and trade name of the author, (iii) Gembarowski's claim to copyright ownership, (iv) a copyright symbol, and (v) other licensing and contact information.

37. By continuing to add and/or use Green Ivy's own CMI to its display, distribution and conveyance of Gembarowski's Book, Green Ivy knows or has reasonable grounds to know that such actions would induce, enable, facilitate or conceal its copyright infringements.

38. Without license, permission or authorization, Green Ivy has failed to properly revise and/or qualify Gembarowski's CMI to alert third parties that Green Ivy is no longer authorized to display, distribute and market the Book, and that Green Ivy has infringed and is threatening to infringe Gembarowski's copyright rights and his rights to integrity of his CMI as alleged herein.

## COUNT I
## (CLAIM FOR DECLARATORY JUDGMENT)

39. Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 of this Complaint, and in the alternative to each other count in this Complaint alleges:

40. There is a real and substantial controversy between Plaintiff Gembarowski and Defendant Green Ivy pertaining to Gembarowski's legal right to market his Book, and his rights as an author to his next works in book form.

41. That Gembarowski and Green Ivy have clear, adverse legal interests, since Gembarowski seeks to exploit his copyright protected work, but Green Ivy refuses to communicate with its author in any manner in connection with its obligations under the so-called hybrid publishing agreement to publish, track and pay royalties for sales of the Book.

42. That such controversy exists between Plaintiff and Defendants over the matters at issue as described and alleged herein, and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43. That pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, this Court is empowered to render a declaratory judgment to determine certain rights among the parties.

44. Plaintiff Gembarowski seeks this Court's declaration:

(a) That he has duly performed all of the services and obligations required by him to be performed under the bargain he made for the Book;

(b) That Green Ivy has failed and now refuses to perform all material and essential services and obligations promised by it to be performed in relation to the Book;

(c) That the so-calleded "hybrid publishing agreement" purported to be made on Green Ivy's behalf was void *ab initio*; as having been procured by fraud, or is otherwise voidable;

(d) That the acts and omissions of Green Ivy in relation to the Book constitute an unlawful encumbrance on Gembarowski's rights, including copyright rights, in and to the Book;

(e) That the purported obligations of Gembarowski to Grren Ivy, and in particular the obligation to deliver Gembarowski's next two literary works (the "additional books") constitute an unlawful and unwarranted interference with Gembarowski's rights as an author;

(f) That Green Ivy's acts and conduct constitute tortious interference with Gembarowski's reasonable business expectancies.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that the Court fashion declaratory relief in favor of Gembarowski and against Defendants as appropriate; (b) that the Court enter an order which includes an award of damages, in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT II
### (CLAIM FOR DMCA § 1202(a) VIOLATION -- PROVIDING FALSE CMI)

45. Gembarowski incorporates herein by reference Paragraphs 1 though 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

46. From roughly January 2017, Green Ivy knew or had reasonable grounds to know it was no longer the authorized licensee of any reproduction rights or other rights to distribute, disseminate or otherwise claim to be the publisher of Gembarowski's Book.

47. The foregoing acts of Green Ivy constitute one or more violations of the DMCA, § 1202 *et. seq.*, including Green Ivy's unauthorized, intentional provision of false copyright management information in connection with the ongoing reproduction, publication and

7

distribution of the Book and which Green Ivy knew or had reasonable grounds to know would otherwise induce, enable, facilitate or conceal its threatened copyright infringements in the Book.

48. Plaintiff has suffered damages as a result of Green Ivy's providing of false copyright management information via Green Ivy's subsequent display, promotion and distribution of unauthorized copies of Gembarowski's Book.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have violated § 1202(a) of the Digital Millennium Copyright Act for providing false CMI; (b) that the Court enter an order which includes an award of damages, profits and fees in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT III
### (CLAIM FOR BREACH OF CONTRACT)

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

50. At or about May 20, 2016, it was agreed by and between Gembarowski and Defendant Green Ivy, that Gembarowski would pay $3,495 to Green Ivy, and Green Ivy would publish and market the Book.

51. The parties further agreed upon certain terms and conditions for the aforesaid services, including that Green Ivy would make its best efforts to publish, market and assist Gembarowski to exploit the Book for financial gain.

52. That on or about January 2017, Green Ivy's refusal to track, account and provide reasonable detail to Gembarowski pertaining to sales of the Book, evidenced Green Ivy's clear intention to refuse to provide even the most basic, fundamental information to which Gembarowski is entitled, in relation to the Book, and constitutes Green Ivy's definitive and unequivocal repudiation of its stated contractual responsibilities to Gembarowski.

53. Gembarowski has performed all conditions, matters and things required by him to be performed under the parties' bargain.

54. As a direct and proximate result of Green Ivy's breach(es), Gembarowski has suffered and sustained damage, and there is due and owing to Gembarowski from the Defendant Green Ivy therefor, sums of money for unauthorized uses of his literary work, as herein alleged.

55. In addition, Green Ivy owes Gembarowski sums of money for uses and lost opportunities which, but for the repudiation of the parties' agreement aforesaid by Green Ivy, would have accrued to the benefit of Gembarowski both before and after the filing of this Lawsuit.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have breached the agreement with Gembarowski; (b) that the Court enter an order which includes an award of damages, in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT IV
### (CLAIM FOR CONTRACT IMPLIED-IN-FACT RELIEF)

56. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

57. Defendant's acts and conduct alleged herein demonstrate its request to Gembarowski to engage the services of Green Ivy to publish the Book, and he did so.

58. That the parties understood and assented to the bargain that there were to be mutual duties and responsibilities in relation to the Book.

59. Green Ivy's acts, and prospectively those threatened, constitute a tardy and unlawful attempt to reject and disavow such assent.

60. That Defendant's acts and conduct violate an implied-in-fact bargain.

61. Such acts and conduct by Defendant give rise to a right in Gembarowski which may be enforced by the Court's imposition of an implied-in-fact remedy.

62. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendants who may be liable: (a) that the Court fashion implied-in-fact relief against Defendants for their violations; (b) that the Court enter an order which includes an award of damages in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT V
### (CLAIM FOR CONTRACT IMPLIED-IN-LAW RELIEF)

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

64. Defendant's acts and conduct alleged herein demonstrate its request to Gembarowski to license his copyright rights, *inter alia*, in his literary work to Green Ivy for the Book, and he did so.

65. That the parties understood and assented to the bargain that there were to be mutual duties and responsibilities in relation to the publication and exploitation of the Book.

66. Green Ivy's acts, and prospectively those threatened, constitute a tardy and unlawful attempt to avoid its duties and responsibilities in order to unjustly enrich itself.

67. That Defendant's acts and conduct violate the implied-in-law bargain.

68. Such acts and conduct by Defendant give rise to a right in Gembarowski which may be enforced by the Court's imposition of a quasi-contractual, implied-in-law remedy.

69. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendants who may be liable: (a) that the Court fashion implied-in-law relief against Defendants for their violations; (b) that the Court enter an order which includes an award of damages in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT VI
### (CLAIM FOR VIOLATION OF THE LANHAM ACT § 43(a))

70. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

71. Defendant's unauthorized use of Gembarowski's literary work, in connection with the purported reproduction, publishing and distribution of the Book, was and threatens to continue to be a false or misleading representation of fact that falsely implies Gembarowski's endorsement or approval of Green Ivy's activities and services in connection with publishing the Book.

72. Green Ivy's ongoing unauthorized use of Gembarowski's literary work:

(a) is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Green Ivy's business activities with Gembarowski or as to the origin, sponsorship or approval by Gembarowski of Green Ivy's activities and services as evidenced by Green Ivy's promotions, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and/or

(b) misrepresents the nature, characteristics or qualities of Green Ivy's business activities and services as the purported publisher of *Namaste Stoked*, in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a)(1)(B).

73. Gembarowski has been damaged by these acts, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have violated Lanham Act § 43(a); (b) that the Court enter an order which includes an award of damages, profits and fees in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT VII
### (CLAIM FOR STATUTORY CONSUMER FRAUD VIOLATION)

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

76. Defendant's aforesaid acts, practices and conduct constitute unfair and deceptive business practices and consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Illinois Compiled Statutes, 815 ILCS 505/2, § 2.

77. Green Ivy's conduct in violation of the Act is willful and outrageous, perpetrated by malicious motive or with reckless indifference to rights of others.

78. As a direct and proximate result of the aforesaid acts, practices and conduct, Plaintiff has and is likely to continue to be substantially injured in his business, including his reputation, resulting in lost income and diminished goodwill.

79. By reason of the foregoing, Plaintiff has been and will be injured in an amount not yet fully ascertained.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have violated the Illinois Consumer Fraud and Deceptive Trade Practices Act; (b) that the Court enter an order which includes an award of damages, profits and fees in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT VIII
### (CLAIM FOR STATUTORY DECEPTIVE TRADE PRACTICES VIOLATION)

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

81. Such conduct and acts aforesaid by Defendant constitute unfair and deceptive trade practices within the meaning and intendment of the Illinois Compiled Statutes, Chapter 815, ¶ 510/2, Sections § 2(2), § 2(3), § 2(5), § 2(9), and § 2(12) thereof.

82. Plaintiff has no adequate remedy at law, and the aforesaid false and misleading descriptions and misrepresentations have caused, and are likely to continue to cause, Plaintiff economic injury and irreparable harm.

83. Gembarowski has been damaged by these acts.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have violated the Illinois Deceptive Trade Practices Act; (b) that the Court enter an order which includes an award of damages, profits and fees in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT IX
## (CLAIM FOR COMMON LAW UNFAIR COMPETITION)

84. Plaintiff realleges and reincorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

85. Defendant's acts constitute unfair methods of competition, in that those acts have created a likelihood of confusion or misunderstanding as to Gembarowski's endorsement or approval of Green Ivy's commercial activities and services as a publisher, or created a likelihood of confusion as to Gembarowski's affiliation, connection or association with Green Ivy.

86. Green Ivy's acts, and prospectively those threatened, constitute unfair competition under the common law of the state of Illinois.

87. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have unfairly competed with Gembarowski under Illinois common law; (b) that the Court enter an order which includes an award of damages and profits in an amount to be determined, but not less than $75,000; and (c) for equitable and other relief as more fully set forth herein, (d) plus costs.

## COUNT X
## (CLAIM FOR UNJUST ENRICHMENT)

88. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

89. Defendant's acts and conduct evidence its unjust retention of, and/or intent to retain, a benefit to the Plaintiff's detriment.

90. By virtue of the foregoing premises, Defendant has and will violate fundamental principles of justice, equity and good conscience, and have done so with malice.

91. As a direct and proximate result of Defendant's acts and conduct, Gembarowski has suffered injury and damage.

92. Unless Defendant is stopped, Gembarowski will continue to be so injured.

93. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have been unjustly enriched to Plaintiff's detriment; (b) that the Court enter an order which includes an award of damages and profits in an amount to be determined, but not less than $75,000; and (c) for equitable relief as more fully set forth herein, (d) plus costs.

## COUNT XI
## (CLAIM FOR RESCISSION AND RESTITUTION)

94. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

95. Defendant's wrongful acts and conduct in failing to fulfill its, promises, duties and obligations in relation to the publication of the Book, give rise to a right of rescission in Plaintiff.[1]

---

[1] Plaintiff does not concede the "hybrid publishing agreement" is a valid and binding instrument. But, to the extent same could be found, even in part, Plaintiff seeks relief under the Court's rescissionary power as an alternative to and without admitting the document has any validity.

14

96. By virtue of the foregoing premises, the Court has the power to restore to the Plaintiff that which was and will be taken from him by Defendant who has acted inequitably, and has done so with malice.

97. As a direct and proximate result of Defendant's acts and conduct, Gembarowski has suffered injury and damage.

98. Unless Defendant is stopped, Gembarowski will continue to be so injured.

99. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have engaged in conduct remediable by rescission and restitution; (b) that the Court enter an order which includes an award of damages, in an amount to be determined, but not less than $75,000; and (c) for relief as more fully set forth herein including that the purported 'Hybrid Publishing Agreement' unlawfully procured by Defendants be rescinded, (d) plus costs.

## COUNT XII
### (CLAIM FOR AN ACCOUNTING)

100. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

101. Gembarowski is further informed and believes Gray has absconded, including for the purpose of avoiding having to account for the proceeds from the sales of the Book.

102. That by virtue of the premises herein above alleged, Plaintiff has demonstrated circumstances including multiple and complex accounts, the need for discovery and the existence of grounds for relief including fraud and chicanery.

103. That the Court should, therefore, order an accounting from Green Ivy and such Doe Defendant(s) who may be liable.

104. Defendant's acts are willful and have damaged Gembarowski.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Green Ivy, including jointly and severally with Doe Defendant(s) who may be liable: (a) that Defendants be found to have engaged in conduct remediable, at least in part, by an accounting; (b) that the Court enter an order which includes an award of damages, in an amount to be determined, but not less than $75,000; and (c) for relief as more fully set forth herein including an accounting, (d) plus costs.

## COUNT XIII
### (CLAIM FOR AN INJUNCTION)

105. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and by virtue of the premises set forth in this Complaint alleges:

106. By reason of Defendant's acts and conduct aforesaid, Gembarowski has suffered, and will continue to suffer, damage to his profession, reputation, and goodwill, unless the Court protects Plaintiff from any unauthorized use of his copyright protected literary work, and otherwise against violations and wrongful conduct alleged.

107. Gembarowski has over time carefully created, established, promoted, and preserved the integrity of his literary work, identity as an author and the professional services associated therewith, but such integrity will suffer if Plaintiff is unable to protect these substantial personal and proprietary rights.

108. Money damages alone cannot adequately compensate Gembarowski for the resulting loss of goodwill established by him in his profession and with his relevant purchasing public and others.

109. Defendant continues to do, and to threaten to do, the acts complained of by Plaintiff and, unless enjoined by the Court, Defendant will continue to do so, to Plaintiff's irreparable harm and damage.

110. The foregoing acts of Green Ivy constitute threatened acts of infringement of Gembarowski's copyrights in the Book in violation of 17 U.S.C. § 501 *et seq.*, and ongoing and threatened violations of Plaintiff's rights of integrity in his CMI in violation of the DMCA.

111. The harm to Defendant of being ordered to cease its activities with respect to the unauthorized use of Plaintiff's literary work is not sufficient to justify the ongoing damage to Plaintiff of allowing Defendant to continue.

112. There is a strong possibility Plaintiff will prevail on the merits of this case. Furthermore, it would be extremely difficult, if not impossible, to ascertain the amount of compensation which would afford Gembarowski adequate relief for Defendant's acts. Therefore, Plaintiff's remedy at law is not adequate to compensate for such injuries.

113. Pursuant to 15 U.S.C. §§ 1116 and 1118, and 815 ILCS ¶ 510/3, § 3, Gembarowski seeks a hearing and the issuance by the Court, following such hearing, of a preliminary and ultimately permanent injunction to require Defendant(s), *inter alia*, to:

   (i)  cease using or taking any further steps to use reproductions of Gembarowski's literary work and the Book in any manner, and all other materials of any kind which are identified or associated with Gembarowski, in any medium, without his prior written authorization;

   (ii)  cease distributing or taking any further steps to distribute Gembarowski's Book which unlawfully reproduces Plaintiff's literary work, and all other materials of any kind which are or are threatened to be improperly identified or associated with Defendant's purported publishing activities, without his prior written authorization;

   (iii)  turn over to Plaintiff all copies of the Book, including, scans, prints, displays, website data, digital files, and all other related materials of any kind wherein the Book and literary content thereof are misidentified with and/or miscredited to Defendant Green Ivy, or some other third person or firm, as the lawful publisher thereof, and all without Plaintiff's prior written approval; and

   (iv)  cease making any representations, statements and/or suggestions that the manner in which Plaintiff's literary work reproduced in the Book which identifies Green Ivy as publisher, is in any way approved, endorsed, or licensed by Plaintiff, or to be identified with Plaintiff, in any manner whatsoever, without his prior written consent.

## COUNT XIV
### (CLAIM FOR LIABILITY vs. ROBERT W. GRAY, SR. individually)

114. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

115. On information and belief, Gray is and at all times relevant was the dominant principal and head of Green Ivy, and has at all times relevant been the individual who determined the policies and actions of Green Ivy which resulted in the unlawful acts and conduct herein alleged.

116. On information and belief, Gray is and was the conscious, active and dominant force causing, and which resulted in, the unlawful acts and harm herein alleged.

117. At all times pertinent hereto, Defendant Gray, on information and belief, personally contributed to, authorized and/or participated in the wrongful acts, *inter alia*, herein alleged.

118. That such acts by Gray were for his own individual gain and benefit, as well as the gain and benefit of Green Ivy, and all through the acts and omissions and injuries inflicted upon Gembarowski aforesaid.

119. That such wrongful acts and omissions have continued through the filing of this action, and are threatened and likely to be continued.

120. That by virtue of the acts hereinabove alleged, Defendant Gray has personally caused the breach(s), frauds and wrongful acts herein alleged, and Gray has thereby violated Gembarowski's rights as heretofore alleged.

121. By virtue of the premises Gembarowski has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Robert Wayne Gray a/k/a Robert W. Gray, Sr., including jointly and severally together with such named Defendant(s) who may be liable: (a) that Gembarowski be found to be damaged and irreparably harmed; (b) that the Court enter an order which includes an award of damages, in an

amount to be determined, but not less than $75,000; and (c) for equitable, and other relief as more fully set forth herein, (d) plus costs.

## COUNT XV
## (CLAIM FOR LIABILITY vs. DOE DEFENDANTS I–III)

122. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint, and in the alternative to each other count in this Complaint alleges:

123. On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s), acting in concert with Green Ivy, was or will be a conscious, active and dominant force causing or contributing to cause, and which resulted in, or will result in, the unlawful acts and violations herein alleged.

124. That alternatively, or in addition to other tortfeasors and wrongdoers above alleged, on information and belief, there are various persons and firms who financially benefitted from and/or retained rights to exercise control over such unlawful activities as are alleged above, or will do so in the future, and are therefore vicariously liable for such acts and violations.

125. On information and belief, those individuals, firms, affiliates and/or contractors above referenced who personally or directly contributed to, authorized and/or participated in violating Gembarowski's rights and infringing upon Gembarowski's literary work, and his exclusive rights therein and otherwise, violated his rights by the various means aforesaid.

126. That such tortious acts herein alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringe upon Gembarowski's exclusive rights in his Book.

127. That by virtue of the acts hereinabove alleged, Defendants Doe I through Doe III violated Gembarowski's rights as heretofore alleged, and he has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

WHEREFORE, Plaintiff prays for judgment in his favor and against Doe Defendant(s), including jointly and severally together with such named Defendant(s) who may be liable: (a) that Gembarowski be found to be damaged and irreparably harmed; (b) that the Court enter an

order which includes an award of damages, in an amount to be determined, but not less than $75,000; and (c) for equitable, and other relief as more fully set forth herein, (d) plus costs.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Dated: February __27th__, 2018

                              RYAN GEMBAROWSKI, Plaintiff

                          By: ____/s/ *Mark Barinholtz*____
                                  Attorney

Mark Barinholtz
MARK H. BARINHOLTZ, P.C.
Attorney for Plaintiff
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121